**UNITED STATES DISTRICT COURT**　　　　**PRIORITY SEND**
**CENTRAL DISTRICT OF CALIFORNIA**

<u>CIVIL MINUTES -- GENERAL</u>

Case No.    **CV 11-7646-JFW (OPx)**                          Date:  February 29, 2012

Title:     Randy Hernandez, et al. -v- CitiBank, N. A., et al.

---

**PRESENT:**

     **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| **Shannon Reilly** | **None Present** |
|---|---|
| **Courtroom Deputy** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**          **ATTORNEYS PRESENT FOR DEFENDANTS:**
              None                                                                None

**PROCEEDINGS (IN CHAMBERS):**     ORDER GRANTING IN PART, DENYING IN PART
                                               DEFENDANTS' MOTION TO DISMISS FIRST
                                               AMENDED COMPLAINT
                                               **[filed 1/23/2012; Docket No. 33]**

       On January 23, 2012, Defendants Citibank, N.A. as Trustee for the MLMI Trust Series 2006-HE5 ("Citibank") and Bank of America, N.A. as successor by merger to BAC Home Loans Servicing, LP a/k/a Merrill Lynch, a division of Bank of America ("BANA") (collectively "Defendants") filed a Motion to Dismiss First Amended Complaint.  On February 6, 2012, Plaintiffs Randy Hernandez and Jeffrie Hernandez ("Plaintiffs") filed their Opposition.  On February 13, 2012, Defendants filed a Reply.  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court found the matter appropriate for submission on the papers without oral argument.  The matter was, therefore, removed from the Court's February 27, 2012 hearing calendar and the parties were given advance notice.  After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

       On May 17, 2006, Plaintiffs obtained a loan from Aegis Lending Corporation, in the amount of $492,600.00 (the "Loan"), secured by a Deed of Trust on real property located at 2298 Avenida La Paz, Chino Hills, CA 91709 (the "Property").  The Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee of the lender and beneficiary.

       On June 12, 2008, MERS, as nominee for Aegis Lending Corporation, recorded a Corporation Assignment of Mortgage/Deed of Trust ("Assignment"), assigning all beneficial interest under the Deed of Trust to Citibank N.A. as Trustee for the MLMI Trust Series 2006-HE5. The Assignment was executed by Treva Moreland, on behalf of MERS.   Plaintiffs allege that this

Assignment is invalid and that Treva Moreland lacked the authority to sign on behalf of MERS.

Plaintiffs defaulted on their loan, and on March 5, 2009, T.D. Service Company recorded a Notice of Default and Election to Sell Under Deed of Trust.  On May 5, 2011, T.D. Service Company recorded a Notice of Trustee's Sale.

Plaintiffs filed this action on September 15, 2011, alleging in relevant part that Defendants attempted to securitize the Loan into the MLMI Trust Series 2006-HE5 without complying with the Pooling and Servicing Agreement ("PSA"), and that this failed securitization "renders Defendants as third-party strangers to the underlying debt obligation without the power or right to demand payment, declare default, negotiate their Loan, and foreclose on their Property."  First Amended Complaint ("FAC") at ¶ 17.

In their First Amended Complaint filed on December 5, 2011, Plaintiffs allege the following claims for relief: (1) declaratory relief ; (2) negligence; (3) quasi contract; (4) violation of 15 U.S.C. § 1692e; (5) violation of 15 U.S.C. § 1641(g); (6) violation of 12 U.S.C. § 2605; (7) violation of Cal. Bus. & Prof. Code § 17200, *et seq.*; (8) accounting; (9) breach of contract; (10) breach of the implied covenant of good faith and fair dealing; and (11) violation of Cal. Civil Code 2923.5 and 2924. Plaintiffs' counsel has filed similar actions with very similar allegations in this Court and other courts within the Central District of California.[1]

## II.     LEGAL STANDARD

A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  "A Rule 12(b)(6) dismissal is proper only where there is either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"  *Summit Technology, Inc. v. High-Line Medical Instruments Co., Inc.*, 922 F. Supp. 299, 304 (C.D. Cal. 1996) (quoting *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988)).  However, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and alterations omitted).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  *Id.*

In deciding a motion to dismiss, a court must accept as true the allegations of the complaint and must construe those allegations in the light most favorable to the nonmoving party.  *See, e.g., Wyler Summit Partnership v. Turner Broadcasting System, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). "However, a court need not accept as true unreasonable inferences, unwarranted deductions of

---

[1] *See, e.g., Alan Baron v. Bank of America, N.A., et al.*, 11-CV-8850 JFW (VBK); *Peter Bos, et al. v. Wells Fargo Bank, N.A., et al.*, 11-CV-1951 DOC (JPR); *Daniel C. Tarver v. Indymac Bank, FSB, et al.*, SA CV 11-1877 CJC (JPR); *Felizabeth S. Escuadro v. JP Morgan Chase Bank N.A., et al.*, 11-CV-7286 PA (JC) ; *Richard G. Montes, et al. v. OneWest Bank, FSB, et al.*, 11-7370 GHK (MANx).

fact, or conclusory legal allegations cast in the form of factual allegations." *Summit Technology*, 922 F. Supp. at 304 (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981) *cert. denied*, 454 U.S. 1031 (1981)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir. 1990) (citations omitted). However, a court may consider material which is properly submitted as part of the complaint and matters which may be judicially noticed pursuant to Federal Rule of Evidence 201 without converting the motion to dismiss into a motion for summary judgment.[2] *See, e.g., id.*; *Branch v. Tunnel*, 14 F.3d 449, 454 (9th Cir. 1994). Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *See Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996).

### III.   DISCUSSION

#### A.   Declaratory Relief

Plaintiffs' claim for declaratory relief seeks a judicial determination that Defendants are not authorized to collect Plaintiffs' mortgage payments or initiate foreclose proceedings in relevant part because: (1) the securitization of the Loan into the MLMI Trust Series 2006-HE5 violated the terms of the PSA; (2) Treva Moreland executed and filed a fabricated Assignment to Citibank to cover up the failed securitization; and (3) Citibank and Merrill Lynch, a division of Bank of America, are "rival claimants" with "competing" interests in Plaintiffs' debt.

To the extent that Plaintiffs' claim for declaratory relief is premised on allegations that the Assignment is invalid because the securitization of the Loan violated the terms of the PSA, Plaintiffs' allegations are deficient. Because Plaintiffs were not parties to or third-party beneficiaries of the PSA, any violation of the PSA does not affect the validity of the Assignment. *See Pua v. Recontrust Co.*, 2011 U.S. Dist. LEXIS 82626, at *10 n.3 (C.D. Cal. July 28, 2011) ("Because Plaintiffs were not parties to the PSA, the alleged violations do not affect the validity of the assignment."); *Bridge v. Aames Capital Corp.*, 2010 WL 3834059, at *5 (N.D. Ohio Sept. 29, 2010) ("Given that Plaintiff was not a party to the assignment between Aames and Deutsche Bank, neither of which dispute the validity of the assignment and has not and will not suffer any new injury nor face any obligation different from what was owed when Aames held the note, Plaintiff does not have standing to assert her claim.").

---

[2]The Court **GRANTS** Defendants' Request for Judicial Notice, filed on January 23, 2012. Under Fed. R. Evid. 201(b), judicial notice may be taken of facts that are "not subject to reasonable dispute" because they are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." However, the Court will only take judicial notice of undisputed matters of public record, and not of disputed facts stated in the public records. *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001). For the reasons stated in Defendants' Opposition to Plaintiffs' Request for Judicial Notice, the Court **DENIES** Plaintiffs' Request for Judicial Notice, filed on February 21, 2012.

To the extent that Plaintiffs' claim for declaratory relief is premised on allegations that Defendants fabricated the assignment of the Deed of Trust, Plaintiffs' allegations are also deficient. Plaintiffs allege that Treva Moreland, who executed the Assignment on behalf of MERS, had no corporate authority to execute the Assignment.  The Court concludes that Plaintiffs' factual allegations do not raise their right to relief above a mere speculative level.  *Twombly*, 550 U.S. at 555.  Significantly, Plaintiffs do not allege that MERS, Citibank, Merrill Lynch, or Aegis Lending Corporation have ever acted inconsistently with the Assignment, or that any entity other than Citibank now claims to be the beneficiary under the Deed of Trust.  *Cf. Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011) ("If MERS indeed lacked authority to make the assignment, the true victim was not plaintiff but the original lender, which would have suffered the unauthorized loss of a $1 million promissory note.").

Likewise, to the extent Plaintiffs' claim is premised on the fact that Citibank and Merrill Lynch are "rival claimants" with "competing" interests in Plaintiffs' debt, Plaintiffs' factual allegations do not raise their right to relief above a mere speculative level.  Based on the allegations of Plaintiffs' Complaint, Merrill Lynch has never claimed to be the beneficiary under the Deed of Trust and has never acted inconsistently with the Assignment to Citibank.

Accordingly, Plaintiffs fail to state a claim for declaratory relief.

**B.     Negligence**

The Court concludes that Plaintiffs' claim for negligence fails because Defendants do not owe any duty of care to Plaintiffs.  *See Nymark v. Heart Federal Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096 (1991)("[A]s a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money."); *Osei v. GMAC Mortg.*, 2010 WL 2557485, at *4 (E.D. Cal. June 21, 2010) (quotations and citations omitted) ("[L]oan servicers do not owe a duty to the borrowers of the loans they service.") .  Plaintiffs argue that Defendants' loan modification activities exceeded those of a conventional lender, and thus Defendants owe Plaintiffs a duty of care.  However, as numerous courts have concluded, Defendants' assistance with respect to a potential loan modification is "intimately tied to Defendant's lending role," and does not give rise to a duty of care.  *See Karimi v. Wells Fargo*, 2011 U.S. Dist. LEXIS 47902, at *7 (C.D. Cal. May 4, 2011).

**C.     Quasi Contract/Unjust Enrichment**

Plaintiffs seek restitution of all payments that they made to Defendants under a theory of quasi-contract, alleging that Defendants "knowingly accepted payments and retained them for their own use knowing that [they] did not acquire an interest in Plaintiffs' Note, such that they could accept or keep Plaintiffs' payments."  FAC at ¶ 66.  However, under California law, "it is well settled that an action based on an implied in fact or quasi contract cannot lie where there exists between the parties a valid express contract covering the same subject matter."  *Lance Camper Mfg. Corp. v. Republic Indem. Co. of America*, 44 Cal. App. 4th 194, 203 (1996) (citations omitted).  In this case, an express contract (the note and deed of Trust) govern the relationship between Plaintiffs and Defendants.  Indeed, Plaintiffs have not set forth any plausible allegations that Defendants are collecting payments to which they have no legal right.  Accordingly, Plaintiffs fail to state a claim for

quasi-contract.

### D. Fair Debt Collection Practices Act

As Plaintiffs' Opposition makes clear, Plaintiffs' claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692e is premised on the allegation that Defendants are not the true beneficiaries under the Deed of Trust and do not have the legal authority to demand payment. However, as discussed, Plaintiffs have failed to allege sufficient facts demonstrating that Citibank is not the true beneficiary under the Deed of Trust. Accordingly, Plaintiffs' claim for violation of the FDCPA fails.

### E. Truth in Lending Act

In their Opposition, Plaintiffs consent to the dismissal of their Truth in Lending Act ("TILA"), 15 U.S.C. § 1641(g).

### F. Real Estate Settlement Procedures Act

Plaintiffs allege that BANA, in its capacity as the servicer of their loan, violated the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605, by failing to acknowledge or respond to Plaintiffs' alleged Qualified Written Request ("QWR") sent on May 18, 2011 within the time period required by statute.

Under RESPA, a QWR is a "written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan." 12 U.S.C. § 2605(e)(1)(A). "The term 'servicing' means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan . . ., and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." See 12 U.S.C. § 2605(i)(3).

The Court concludes that Plaintiffs' letter sent on May 18, 2011 did not constitute a QWR. Indeed, Plaintiffs' letter seeks, for example, "[a] complete life of loan transactional history;" "[t]he Transaction Codes for the software platform of the Servicer;""[t]he Key Loan Transaction history, bankruptcy worksheet(if any), or any summary of all of the accounts in an XL spreadsheet format;" "[t]he MERS Milestone Reports and the Edgar website address for the Pooling and Servicing Agreement, Prospectus, and Prospectus Supplement," "[t]he name, address, name of a contact person and telephone number of the current holder in due course and owner of the mortgage note;" "[c]opies of all collection notes and communication files;" "[a]n itemized statement of the amount needed to fully reinstate the loan;" "[a]ll communications with any non-lawyer third-party providers;" and "[a]ll Form P-309 screen shots of all system accounts (principal, interest, escrow, late charges, legal fees, property inspection fees, corporate advance fees, trustee suspense accounts, debtor suspense accounts) associated with the loan." See Plaintiffs' FAC at Exhibit C. Such requests do not relate to the servicing of the loan, and far exceed the scope and type of information that loan servicers are required to provide in response to a proper QWR. See, e.g., Junod v. Dream House Mortg. Co., 2012 WL 94355, at *3-4 (C.D. Cal. Jan. 5, 2012) (concluding that a nearly identical letter was not a QWR); Derusseau v. Bank of America, N.A., 2011 WL

5975821, at *4 (S.D. Cal. Nov. 29, 2011) (same).

### G. Cal. Bus. & Prof. Code § 17200, *et seq.*

Plaintiffs' Opposition makes it clear that their claim for violation of Cal. Bus. & Prof. Code § 17200 is premised on their allegations that Defendants are not authorized to collect Plaintiffs' mortgage payments and that Defendants violated FDCPA, TILA, RESPA, and Cal. Penal Code § 532f. However, Plaintiffs have failed to allege sufficient facts demonstrating that the Assignment to Citibank is invalid or that Defendants have violated one of these laws. Accordingly, Plaintiffs' claim for violation of Cal. Bus. & Prof. Code § 17200 fails.

### H. Accounting

Plaintiffs' claim for an accounting is also premised on their claim that the Assignment to Citibank is invalid, and thus that they were not indebted to Defendants. As discussed, Plaintiffs have failed to allege sufficient facts demonstrating that the Assignment to Citibank is invalid. Moreover, "[a]n action for accounting is not available where the plaintiff alleges the right to recover a sum certain or a sum that can be made certain by calculation." *Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179 (2009) (citation omitted). Here, the amount of money allegedly owed to Plaintiffs would not be difficult to ascertain, and thus an accounting would be inappropriate.

### I. Breach of Contract Claim and Breach of the Implied Covenant of Good Faith and Fair Dealing

Plaintiffs allege that Defendants breached the Deed of Trust by failing to apply the payments made by Plaintiffs in the order of priority set forth in Section 2 of the Deed of Trust, which resulted in improper fees and taxes being added to the balance of the loan. Although Defendants' arguments are persuasive and the Court is reluctant to allow Plaintiffs to proceed with their breach of contract and breach of the implied covenant of good faith and fair dealing claims, in light of the very lenient standard governing motions to dismiss under Rule 12(b)(6), the Court finds that the issues raised by Defendants' Motion with respect to these claims are more appropriately resolved in a motion for summary judgment.

### J. California Civil Code § 2924 and 2923.5

To the extent Plaintiffs' claim for violation of Cal. Civil Code §§ 2924 and 2923.5 is premised on Defendants' failure to contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure before filing a notice of default in violation of Civil Code § 2923.5, Plaintiffs' claim fails. First, Plaintiffs allege "on information and belief that the Notice of Trustee's Sale is invalid because the Notice of Default did not have the required valid Declaration of Due Diligence." FAC at ¶ 180. However, this is false and typical of Plaintiffs' boilerplate allegations based on information and belief. Indeed, the recorded Notice of Default includes a declaration that T.D. Service, the trustee under the Deed of Trust, "contacted Plaintiffs or tried with due diligence to contact Plaintiffs as required by section 2923.5." Request for Judicial Notice, Exhibit 4 at p. 2. Moreover, Plaintiffs admit that they contacted the U.S. Department of Housing and Urban Development to determine what their

options were, that they engaged in loan modification efforts with BANA, and that BANA stayed the foreclosure auction while BANA reviewed Plaintiffs' loan modification application.  The only available remedy for violation of Cal. Civil Code § 2923.5 is postponement of the sale, and Plaintiffs have already received such a remedy.  *See Mabry v. Superior Court*, 185 Cal. App. 4th 208, 223-225 (2010) ("[T]he remedy for noncompliance [with section 2923.5] is a simple postponement of the foreclosure sale, nothing more.").

To the extent Plaintiffs' claim is premised on their allegation that the Assignment to Citibank is invalid and thus was not authorized to execute the Notice of Default, as the Court has already concluded, Plaintiffs have failed to allege sufficient facts demonstrating that the Assignment to Citibank is invalid. Finally, to the extent Plaintiffs' claim is premised on Defendants' failure to give proper notice of the Notice of Default or Notice of Trustee's Sale, Plaintiffs fail to allege any facts that support their conclusory allegation.  Indeed, Plaintiffs' Opposition fails to even raise Defendants' failure to give proper notice of the Notice of Default or Notice of Trustee's Sale.

Accordingly, Plaintiffs fail to state a claim for relief for violation of Cal. Civil Code §§ 2924 and 2923.5.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss First Amended Complaint is **GRANTED in part, DENIED in Part.**  Specifically, Defendants' motion to dismiss Plaintiffs' claims for breach of contract and breach of the covenant of good faith and fair dealing is denied. Defendants' motion to dismiss Plaintiffs' claims for declaratory relief, negligence, quasi contract, violation of 15 U.S.C. § 1692e, violation of 15 U.S.C. § 1641(g), violation of 12 U.S.C. § 2605, violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, accounting, and violation of Cal. Civil Code 2923.5 and 2924 is granted**.**  Because Plaintiffs have consented to dismiss their claim for violation of 15 U.S.C. § 1641(g), the Court **DISMISSES** that claim **without prejudice.**   Plaintiffs' claims for declaratory relief, negligence, quasi contract, violation of 15 U.S.C. § 1692e, violation of 12 U.S.C. § 2605, violation of Cal. Bus. & Prof. Code § 17200, *et seq.*, accounting, and violation of Cal. Civil Code 2923.5 and 2924 are **DISMISSED with prejudice**.  Although the Court recognizes that this Circuit has a liberal policy favoring amendments and that leave to amend should be freely granted, the Court is not required to grant leave to amend if the Court determines that permitting Plaintiffs to amend would be an exercise in futility.  *See, e.g., Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").   In this case, Plaintiffs have already had an opportunity to file an amended pleading and have failed to provide the Court with any facts or argument in their Opposition that indicate leave to amend would not be futile. Accordingly, the Court denies leave to amend as to all of the claims alleged in the FAC.

IT IS SO ORDERED.